UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVE CHANDLER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSION OF SOCIAL SECURITY,<br><br>Defendant. | No. 1:16-CV-3071-JTR<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 15, 16. Attorney D. James Tree represents Steve Chandler (Plaintiff); Special Assistant United States Attorney Daniel P. Talbert represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

Plaintiff protectively filed an application for Supplemental Security Income (SSI) on September 24, 2012, alleging disability since November 1, 2010, due to

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 1

head injury, chronic scalp swelling, dyslexia, depressive disorder NOS, personality disorder NOS, psychotic disorder NOS, eye problems, dementia, sleep disorder, and low back and neck pain. Tr. 251, 254. Plaintiff's application was denied initially and upon reconsideration.

Administrative Law Judge (ALJ) M. J. Adams held a hearing on October 17, 2014, Tr. 77-94, and issued an unfavorable decision on November 26, 2014, Tr. 20-31. The Appeals Council denied review on March 1, 2016. Tr. 1-7. The ALJ's November 2014 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on April 26, 2016. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here. Plaintiff was born on March 4, 1963, and was 49 years old on the filing date of his application, September 24, 2012. Tr. 251. Plaintiff is a high school graduate and completed about two years of welding and automotive mechanic classes at the Yakima Vocational Skill Center. Tr. 80, 255, 378. His past work consists of labor/janitorial jobs, work as a fork lift driver, and a position as a bulk food manager. Tr. 81, 378. He reported he stopped working on May 1, 2000, because of his conditions, Tr. 255, and testified he believed he was unable to work because he did not know if he could apply himself, Tr. 82. Plaintiff was involved in a motor vehicle accident in 2006 which resulted in head and chest trauma as well as a rib facture. Tr. 315. Since the 2006 accident, Plaintiff has reported difficulty with his memory and problems with excessive sleeping. Tr. 46-47, 86-87.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with

deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that physical or mental impairments prevent him from engaging in his previous occupation. 20 C.F.R. § 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can

1  perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-
2  1194 (2004). If a claimant cannot make an adjustment to other work in the
3  national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

### ADMINISTRATIVE DECISION

5  On November 26, 2014, the ALJ issued a decision finding Plaintiff was not
6  disabled as defined in the Social Security Act.
7  At step one, the ALJ found Plaintiff had not engaged in substantial gainful
8  activity since the application date, September 24, 2012. Tr. 23. At step two, the
9  ALJ determined Plaintiff had the following severe impairments: history of brain
10 injury, schizophrenic disorder, affective disorder, and personality disorder. Tr. 23.
11 At step three, the ALJ found Plaintiff did not have an impairment or combination
12 of impairments that meets or medically equals the severity of one of the listed
13 impairments. Tr. 24.
14 The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and
15 determined he could perform a full range of work at all exertional levels with the
16 following nonexertional limitations: he can perform simple, routine tasks and
17 follow short, simple instructions; he can do work that needs little or no judgment;
18 he can perform simple duties that can be learned on the job in a short period of less
19 than 30 days; he can respond appropriately to supervision, but should not be
20 required to work in close coordination with coworkers where teamwork is
21 required; and he can deal with occasional changes in the work environment that
22 require only occasional exposure to or interaction with the general public. Tr. 25.
23 At step four, the ALJ noted Plaintiff has no past relevant work. Tr. 29. At
24 step five, the ALJ determined that based on the testimony of the vocational expert,
25 and considering Plaintiff's age, education, work experience and RFC, Plaintiff
26 could perform other jobs present in significant numbers in the national economy,
27 including the jobs of janitor, airplane cleaner and housekeeper. Tr. 29-31. The
28 ALJ further found that Plaintiff, if limited to medium exertion level work, could

still perform the jobs of airplane cleaner and housekeeper.  Tr. 30.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from September 24, 2012, the date the application was filed, through the date of the ALJ's decision, November 26, 2014.  Tr. 31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) improperly rejecting a portion of the opinion of state agency reviewing physician Kent Reade, Ph.D.; (2) misreading the opinion of Caryn Jackson, M.D., regarding Plaintiff's physical capacity; (3) improperly weighing other medical evidence of record pertaining to Plaintiff's psychological condition; and (4) improperly rejecting Plaintiff's subjective complaints.

## DISCUSSION

**A.    Plaintiff's Subjective Complaints**

Plaintiff contends the ALJ erred by failing to provide specific, clear and convincing reasons for rejecting his subjective complaints.  ECF No. 15 at 14-19.  The Court agrees.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v.* Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . . - 5

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely credible. Tr. 26. The ALJ provided the following two reasons for finding Plaintiff less than fully credible: (1) the medical evidence did not support Plaintiff's allegations, and (2) the record contains inconsistencies that reduce Plaintiff's credibility. Tr. 26-27.

### 1. Objective Medical Evidence

The ALJ first indicated the objective medical evidence of record did not support Plaintiff's disability assertions. Tr. 26. A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor. *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).

With respect to the ALJ's conclusion that Plaintiff's allegations were inconsistent with the objective medical evidence of record, the ALJ merely summarized the "findings and observations" of Trever Travers, Ph.D., from May 2012 and Aaron R. Burdge, Ph.D., from March 2013 and indicated many of the same findings were made in October 2013. Tr. 26-27. The ALJ, however, does not specify what testimony of Plaintiff is undermined by the opinions of these medical professionals.

The Ninth Circuit has determined that an ALJ errs "by making only a single general statement that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [ALJ's RFC determination], without identifying sufficiently specific reasons for rejecting the testimony, supported by evidence in the case record." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quotation marks and citation omitted). In *Brown-Hunter*, the ALJ "simply stated her non-credibility conclusion and then summarized the medical evidence

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 6

supporting her RFC determination," which "is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully . . . [to] ensure that the claimant's testimony was not arbitrarily discredited." *Id*. at 494. The Ninth Circuit concluded that "[b]ecause the ALJ failed to identify the testimony she found not credible, she did not link that testimony to the particular parts of the record supporting her non-credibility determination. This was legal error." *Id.* (citation omitted).

Like the ALJ in *Brown-Hunter*, the ALJ here has erred because he did not identify how any of the summarized medical evidence specifically conflicted with Plaintiff's reported symptoms. The ALJ only stated that certain medical reports generally failed to support Plaintiff's allegations. This is not a valid, clear and convincing reason to discount Plaintiff's subjective complaints.

### 2. Criminal Activities

The ALJ's other reason for finding Plaintiff less than fully credible was that the record "contains several other inconsistencies." Tr. 27. Although no actual inconsistencies within the record are articulated by the ALJ, the ALJ stated that Plaintiff's various criminal activities detracted from his overall credibility. Tr. 27. The ALJ indicated that Plaintiff had been arrested and initially charged with Robbery in the 1st Degree-Financial Institution (Bank Robbery), a crime of dishonesty and Class A Felony, but the charge was later reduced, and that Plaintiff had a lengthy criminal history which included nine gross misdemeanor convictions. *Id*.

An ALJ may use "ordinary techniques of credibility evaluation" in assessing a claimant's credibility. *Smolen*, 80 F.3d at 1284; *see also Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010) (in ruling on an Equal Access to Justice Act request, the Court determined the ALJ's credibility determination was substantially justified when it was based, among other factors, on the claimant's prior criminal convictions); *Carter v. Astrue*, 472 Fed. Appx. 550, 552 (a claimant's prior

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

conviction for welfare fraud "casts doubt on [his] motivation to truthfully report"); *Albidrez v. Astrue*, 504 F.Supp.2d 814, 822 (C.D. Cal. 2007) (the ALJ may consider a claimant's reputation for truthfulness, including any convictions for crimes involving dishonesty or moral turpitude).

While a **conviction** for Bank Robbery, a crime of dishonesty, may have been relevant in assessing Plaintiff's credibility, the ALJ specifically indicated this charge did not result in a conviction. The Ninth Circuit has determined that it is reasonable to base an adverse credibility finding around criminal **convictions, not merely arrests**. *Hardisty*, 592 F.3d at 1080 (emphasis added). Because an arrest without evidence of a conviction is not enough to support an unfavorable credibility determination, Plaintiff's Bank Robbery charge, which did not result in a conviction, was not a sufficient basis to support an unfavorable credibility determination.

With regard to the misdemeanor convictions cited by the ALJ, Tr. 27, there is no indication that any of the offenses amounted to a crime involving dishonesty or moral turpitude. The Ninth Circuit has held the generic definition of a crime of "moral turpitude" is a crime that involves either fraud or "base, vile, and depraved" conduct that "shock[s] the public conscience." *Nunez v. Holder*, 594 F.3d 1124, 1131 (9th Cir. 2010); *see also Coats v. Colvin*, 2015 WL 5813333 at *17 (E.D. Cal. 2015) (lewd acts on a minor were held to be a crime of moral turpitude and acceptable to support an unfavorable credibility determination). Since the misdemeanor convictions described by the ALJ in this case do not appear to fall under the umbrella of crimes of moral turpitude, they do not provide a specific, clear and convincing reason to find Plaintiff less than fully credible.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). Nevertheless, based on the foregoing, the rationale provided by the ALJ for discrediting Plaintiff is not clear and convincing. The Court thus finds a remand for a proper determination regarding Plaintiff's alleged symptoms is necessary in this case.[1]

**B.    Medical Opinion Evidence**

    **1.    Dr. Reade**

Plaintiff argues the ALJ erred by improperly disregarding a portion of the opinion of state agency physician Kent Reade, Ph.D. ECF No. 15 at 7-11.

The ALJ accorded "significant" weight to Dr. Reade's opinion that Plaintiff can work away from the demands of the general public as well as supervisors and co-workers, but would do better if not in close cooperation with them. Tr. 27, 115. The ALJ indicated these limitations were included in the RFC determination in the case.[2] Tr. 27. However, as asserted by Plaintiff, the ALJ failed to mention or

---

[1] On March 16, 2016, SSR 16-3p became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." SSR 16-3p, 2016 WL 1119029 at *1, 10. Accordingly, on remand, the ALJ should address SSR 16-3p as part of the review regarding Plaintiff's alleged symptoms.

[2] The ALJ's RFC determination indicated Plaintiff could perform simple, routine tasks and follow short, simple instructions; could perform work that needs little or no judgment; could perform simple duties that could be learned on the job in a short period of less than 30 days; could respond appropriately to supervision, but should not be required to work in close coordination with coworkers where teamwork was required; and could deal with occasional changes in the work

1  discuss Dr. Reade's statement that an intermittent interruption of concentration,
2  persistence and pace could be expected due to the interference of psychological
3  symptoms and that occasional supervisor instruction/redirection would help keep
4  Plaintiff on task, but that Plaintiff would be capable of being productive at work.
5  Tr. 115. The ALJ did not specify whether this opinion of Dr. Reade was included
6  in the ultimate RFC determination.

7        The ALJ is not required to adopt in full the opinion of any particular medical
8  source. *See Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989) ("It is not
9  necessary to agree with everything an expert witness says in order to hold that his
10  testimony contains 'substantial evidence.'" (quoting *Russell v. Bowen*, 856 F.2d
11  81, 83 (9th Cir. 1988))). An ALJ may properly rely upon only selected portions of
12  a medical opinion while ignoring other parts, but such reliance must be consistent
13  with the medical record as a whole. *Edlund v. Massanari*, 253 F.3d 1152, 1159
14  (9th Cir. 2001). In any event, as concluded above, this matter will be remanded for
15  additional proceedings in light of the ALJ's erroneous credibility determination.
16  On remand, the ALJ shall reconsider Plaintiff's statements and testimony and shall
17  additionally reassess Plaintiff's RFC, taking into consideration the full medical
18  statement provided by state agency reviewing physician Reade, Tr. 114-116.

19        **2.**    **Dr. Jackson**

20        Plaintiff contends the ALJ also erred by misreading the physical functional
21  evaluation report of Caryn Jackson, M.D. ECF No. 15 at 11-13. Defendant's
22  response concedes the ALJ erred by incorrectly reading Dr. Jackson's statement.
23  ECF No. 16 at 10-11.

24        The ALJ found Plaintiff had no severe physical impairments and was
25  capable of performing work at all exertional levels (no physical limitations). In

---

27  environment that required only occasional exposure to or interaction with the
28  general public. Tr. 25.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

1 making this determination, the ALJ accorded significant weight to Dr. Jackson's
2 opinion, cited at Tr. 311, "that the claimant does not have any **exertional**
3 limitations or workplace restrictions." Tr. 23 (emphasis added). However, this
4 portion of Dr. Jackson's medical report actually states Dr. Jackson's opinion that
5 there were no "**non-exertional** limitations or workplace restrictions (such as
6 chemical sensitivities or inability to work at heights)." Tr. 311 (emphasis added).
7 Dr. Jackson concluded Plaintiff was limited to medium exertion level work, Tr.
8 312, an opinion the ALJ accorded "little weight" because it conflicted with Dr.
9 Jackson's statement that Plaintiff did not have any physical exertional limitations,
10 Tr. 28, a statement the ALJ unquestionably misread. It is apparent substantial
11 evidence does not support the ALJ's rejection of Dr. Jackson's opinion that
12 Plaintiff was limited to medium exertional level work. Accordingly, on remand,
13 the ALJ shall also reevaluate Dr. Jackson's physical functional evaluation report,
14 Tr. 310-312, and the medical record as a whole with respect to Plaintiff's physical
15 capacity.

### 3. Psychological Evaluations

Plaintiff contends other psychological evidence of record; specifically, the reports of medical examiners Burdge, Rodenberger, Durin and Sanchez, indicate Plaintiff had moderate or greater limitation in completing a workday or workweek without psychologically based interruptions and in areas of social functioning and concentration, persistence and pace. ECF No. 15 at 13-14.

The ALJ analyzed and weighed the medical opinion evidence of record pertaining to Plaintiff's psychological symptoms. Tr. 27-29. While Plaintiff has made only a cursory assertion with respect to the other psychological evidence of record, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (issues not specifically and distinctly argued in a party's brief will not be addressed), the Court agrees that Plaintiff's psychological limitations, and the medical evidence pertinent to Plaintiff's psychological impairments, should be

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

reevaluated on remand. Moreover, on remand, the ALJ shall direct Plaintiff to undergo a new consultative psychological examination, and, if warranted, elicit the testimony of a medical expert to assist the ALJ in formulating a new RFC determination.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award of benefits. ECF No. 15. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand for additional proceedings is appropriate when additional proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reconsider Plaintiff's statements and testimony and reassess Plaintiff's RFC, taking into consideration the medical opinions of Dr. Reade, Tr. 114-116, Dr. Jackson's physical functional evaluation report, Tr. 310-312, and all other evidence of record relevant to Plaintiff's claim for disability benefits. The ALJ shall additionally develop the record further by requiring Plaintiff to undergo a new consultative psychological evaluation prior to a new administrative hearing and, if warranted, by eliciting medical expert testimony to assist the ALJ in formulating a new RFC determination. With the assistance of a vocational expert, and ensuring the vocational expert is provided a hypothetical that is consistent with the RFC ultimately determined, the ALJ shall reassess step five of the sequential evaluation process to determine whether Plaintiff is capable of performing any other work existing in sufficient numbers in the national economy.

///

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED**. The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered in favor of Plaintiff,** and the file shall be **CLOSED**.

DATED July 31, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE